23-1113-cv
*Hassan v. U.S. Fed. Deposit Ins. Corp.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-four.

PRESENT:
        JOHN M. WALKER, JR.,
        WILLIAM J. NARDINI,
        STEVEN J. MENASHI,
           *Circuit Judges.*

_____

JOHN PATRICK HASSAN,

        *Plaintiff-Appellant*,

        v.                         23-1113

UNITED STATES FEDERAL DEPOSIT INSURANCE CORP, DIME COMMUNITY BANK, DIME COMMUNITY BANCSHARES, INC.,

        *Defendants-Appellees*.

_____

For Plaintiff-Appellant:                     John Patrick Hassan, pro se, Center Moriches, NY.

For Defendants-Appellees:                    Thomas S. Baylis, Cullen & Dykman LLP,
                                             Uniondale, NY (*for* Dime Community
                                             Bank and Dime Community Bancshares,
                                             Inc.).

                                             B. Amon James, J. Scott Watson, Michael
                                             K. Morelli, Federal Deposit Insurance
                                             Corporation, Arlington, VA (*for* U.S.
                                             Federal Deposit Insurance Corp.).

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joan M. Azrack, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant John Patrick Hassan, pro se, appeals from a judgment entered on July 26, 2023, in the United States District Court for the Eastern District of New York (Joan M. Azrack, *District Judge*), dismissing a complaint he filed against the Federal Deposit Insurance Corporation ("FDIC") and Dime Community Bank ("Dime"). Hassan's claims were based on allegations that Dime refused to transfer his money to a different financial institution. While the case was pending, Dime permitted the transfer, and Hassan sought to amend his complaint to request damages in the form of lost interest and to add individual FDIC defendants. After a pre-motion conference, the district court construed two letters as motions to dismiss and, after soliciting submissions from Hassan, dismissed the complaint and denied leave to amend. The district court reasoned that Hassan failed to state a claim—because the statutes his complaint could be liberally read to invoke did not generally permit private causes of action—and that amendment would be futile. *See generally Hassan v. U.S. Fed. Deposit Ins. Corp.*, No. 20-CV-03980

2

(JMA) (SIL), 2023 WL 4763385 (E.D.N.Y. July 26, 2023).   We assume the parties' familiarity with the case.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).   To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).

Although we "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted), pro se parties must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).   We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Moates*, 147 F.3d at 209; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . .").

Here, even liberally construed, Hassan's brief does not address the merits of the district court's decision.   Most of his two-page brief is devoted to arguing that Dime and the FDIC were complicit in stealing his money and that he is entitled to damages as a result.   Any challenges

3

to the underlying merits of the district court's ruling are thus forfeited. *See LoSacco*, 71 F.3d at 93.

Even if Hassan had not forfeited these issues, we would still affirm because the district court properly dismissed the complaint for failure to state a claim. Hassan referred, in various district court submissions, to the Banking Act of 1933, Federal Deposit Insurance Act, USA PATRIOT Act, Bank Secrecy Act, and 31 C.F.R. § 1020.220, but he identified no authority indicating that any of these statutes allow a private party to sue under them. And even if a person could bring suit under these laws, Hassan did not allege any facts suggesting that the FDIC and Dime violated any of these statutes.

The district court also properly denied leave to amend. We review the denial of leave to amend for abuse of discretion, or *de novo* if leave was denied on legal grounds like futility. *See Carroll v. Trump*, 88 F.4th 418, 430 (2d Cir. 2023). Ordinarily, a district court should not dismiss a pro se plaintiff's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, the desired amendment would have been futile. Hassan sought to add as defendants the FDIC chair and several other unnamed FDIC officials. But the addition of these individuals would not have cured the defects in Hassan's complaint, because his claims would still fail for the reasons stated above. Further, a *Bivens* claim against these individuals would fail because any suit against them in their official capacities is akin to suing the federal agency, and he failed to otherwise show their personal involvement in the alleged wrong. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("[A] plaintiff must allege that the individual

4

defendant was personally involved in the constitutional violation."); *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived."). Hassan alleges that only one of the officials—the one who wrote a written decision—had any personal involvement. But Hassan has not alleged what constitutional violation occurred, if any. Therefore, Hassan could not state a *Bivens* claim against this official.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5